NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

INTERSTATE ENGINEERING, A DIVISION OF A-T-O, INC., Respondent.

No. 77-2891.

United States Court of Appeals, Ninth Circuit.

Oct. 10, 1978.

Joseph A. Oertel, Atty. (argued), Washington, D. C., for petitioner.

A. Patrick Nagel (argued), Irvine, Cal., for respondent.

Before ELY and HUFSTEDLER, Circuit Judges, and KRAFT, District Judge.*

PER CURIAM:

The petitioning Board's Decision and Order is reported at 230 NLRB No. 3 (1977).

* Honorable C. William Kraft, Senior United States District Judge for the Eastern District of Pennsylvania.

The respondent employer was determined to have committed unfair labor practices, violating sections 8(a)(1) and (2) of the National Labor Relations Act, as amended, 29 U.S.C. §§ 151, *et seq.* Essentially, the Board upheld the factual findings of the Administrative Law Judge.

In responding to the Board's Petition in this court, the employer argues that each of a series of letters written by various officers to company employees were not unlawful.[1] The letters, each standing alone, may well have been protected by the employer's rights of free speech. We cannot, however, consider the letters in isolation, as the respondent would have us do. In its brief, as in its oral argument, the respondent chose to ignore the voluminous evidence concerning intolerably coercive conduct on its part. Remarks uttered or written during campaigns of employee organizations "may or may not be coercive, depending on the context in which they are uttered. . . . In order to derive the true import of these remarks, it is necessary to view the context in which they are made." 170 NLRB No. 157 (1968). The letters must be related to the whole body of egregious and unfair tactics that the respondent chose to employ. In the light of the Board's reported Decision, there is no need for us here to review that conduct. Suffice it to say that there was abundant evidentiary support for the Board's findings of fact and conclusions of law that necessarily followed.

The Petition of the Board is granted, and its Order will be

ENFORCED.

---

1. The letter given particular emphasis was sent by a company Vice President. The critical portion of this letter reads:

   "If we ever get organized—we are required to bargain with that organization. Some people make the mistake that bargaining starts with what you have and goes from there. This is absolutely wrong—it is a give-and-take proposition. Everyone should understand early in the game that the law permits a Company to bargain from scratch—from a blank piece of paper. When an A–T–O Company is organized, it is our policy to do just that."